UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FIDEL D. DELEON<br>Plaintiff | * | CIVIL ACTION |
| | * | NO. |
| VERSUS | | |
| | * | SECTION " " |
| GENERAL INSULATION, INC.<br>OF LOUISIANA | | |
| Defendant | * | MAGISTRATE |
| ****************************************** | * | JURY DEMANDED |

## COMPLAINT OF EMPLOYMENT DISCRIMINATION AND RETALIATION

Fidel D. DeLeon ("DeLeon"), institutes this action, against the defendant, General Insulation, Inc., of Louisiana ("General Insulation"). DeLeon is an individual of the full age of majority and a resident of Georgia, and avers as follows:

### JURISDICTION AND VENUE

I.

Jurisdiction of this Court is proper under 28 U.S.C. §§451, 1331, 1343 and 1367.

II.

The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

### PARTIES

III.

Plaintiff is Fidel D. DeLeon, an individual of the full age of majority, resident of Georgia, who, at all pertinent times hereto was an employee of General Insulation, Inc., of Louisiana.

1

IV.

Defendant is:

General Insulation, Inc., of Louisiana ("General Insulation"), which has continuously been a Louisiana Corporation with its principle place of business at 3555 Hurricane Bay Drive, Theodore AL, 36582 and doing business throughout the United States including the State of Louisiana, and has continuously had at least fifteen (15) employees: Agent for Service of Process is Peter Bohrer at 400 Little Farms Avenue, Harahan, LA 70123.

V.

At all material times hereto, General Insulation has continuously been an employer engaged in an industry affecting commerce under Federal and State Anti-Discriminatory Laws.

VI.

At all material times hereto, General Insulation has been a covered entity under Federal and State Anti-Discriminatory Laws

**STATEMENT OF CLAIMS**

VII.

Fidel D. DeLeon is Hispanic and his National Origin is Dominican Republic.

VIII.

DeLeon began working for General Insulation in Theodore, Alabama, in October of 2010. On October 6, 2011, DeLeon was terminated along with many other Dominican Republic workers for "lack of work." The discrimination and harassment has been constant.

IX.

Thereafter, DeLeon filed a complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC") against General Insulation for discrimination.

X.

For most, if not all, of his time employed with General Insulation DeLeon was one of few Hispanics, who most all have been discharged.

XI.

Despite excellent performance records, General Insulation discriminated and created a hostile work environment against DeLeons because of his race, Hispanic, and national origin, by acting in the following non-exclusive manner:

Failing to employ, promote, pay and treat him equal to "Non-Hispanics" and

encouraging an environment that promotes discrimination and harassment.

XII.

General Insulation has encouraged its employees to discriminate against Hispanics.

XIII.

General Insulation promotes a pattern and practice of discrimination against Hispanics in Louisiana, Mississippi and Georgia.

XIV.

More than 30 days prior to the institution of this lawsuit, DeLeon filed a charge with the EEOC alleging violations of Title VII by General Insulation. DeLeon has received a "Right to Sue" letter. All conditions precedent to the institution of this lawsuit have been fulfilled

XV.

Since at least 2010, General Insulation has engaged in unlawful employment practices at its facilities, in violation Federal and State Anti-Discrimination Laws. Upon information and belief, the EEOC concluded that the defendant, General Insulation discriminated against DeLeon

XVI.

The effect of the practices contained above has been to deprive DeLeon of equal employment opportunities and otherwise adversely affect his status as an applicant for employment, because of his race, Hispanic, and national origin.

XVII.

General Insulation unlawful employment practices outlined above were and are intentional.

XVIII.

General Insulation's unlawful employment practices outlined above were and are done with malice and/or with reckless indifference to the federally protected rights of DeLeon.

XIX.

DeLeon hereby requests trial by jury on all issues.

**WHEREFORE**, plaintiff, Fidel D. DeLeon, prays that after due proceedings are had, that judgment be rendered in his favor and against the defendant, General Insulation as follows:

1. Order the defendant, General Insulation, to make whole DeLeon, by providing appropriate back pay, with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practice, including, but not limited to, rightful-place hiring of DeLeon or front pay for an indefinite period of time;

2. Order the defendant, General Insulation to make whole DeLeon by providing compensation for past and future pecuniary loss resulting from the unlawful employment practices described in the preceding paragraphs, including, but not limited to, job search expenses, retirement benefits, medical insurance premiums, medical expenses not covered because DeLeon was not a member of the employer's employee benefit plan, including dental coverage, emergency room care, and coverage of pre-existing conditions and consumer credit counseling service fees in amounts to be determined at trial;

3. Order the defendant, General Insulation, to make whole DeLeon by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in the preceding paragraphs, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, reduction in the standard of living, strain on his relationship

with members of her immediate family, lowered self-esteem and humiliation, in amounts to be determined at trial.

4. Order the defendant, General Insulation., to make whole DeLeon by providing DeLeon with a monetary sum sufficient to account for his compensatory damages, attorney's fees, costs, and all such other relief as requested above;

5. Order the defendant, General Insulation, to pay to DeLeon punitive damages for its malicious and reckless conduct, as described in the preceding paragraphs, in an amount to be determined at trial and grant any and all additional relief that this Court deems appropriate.

Respectfully submitted:

**BURGOS & EVANS, L.L.C.**

_____
Robert B. Evans, III (# 23473)
Cesar R. Burgos (# 24328)
Gabriel O Mondino (#31514)
Robert J. Daigre (#23016)
3535 Canal Street
New Orleans, Louisiana 70119-6135
Telephone: (504) 488-3722
Facsimile: (504) 482-8525