UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FIDEL DeLEON,**         **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-7** |
| **GENERAL INSULATION, INC.,**         **Defendant** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is defendant General Insulation, Inc.'s ("General Insulation") motion for summary judgment.[1]  For the reasons set forth below, General Insulation's motion is denied.

## BACKGROUND

On June 16, 2010, plaintiff Fidel DeLeon ("DeLeon") was hired by General Insulation to work at the Avondale Shipyard in Louisiana.[2]  On November 23, 2011, DeLeon was terminated due to a "Lack of Work."[3]  On August 23, 2012, DeLeon filed an "Intake Questionnaire" with the EEOC regarding his termination.[4]  On approximately September 18, 2012,[5] DeLeon filed a charge of employment discrimination with the Equal Opportunity

---

[1] R. Doc. 13.

[2] *See* R. Doc. 13, Ex. 1.

[3] R. Doc. 13, Ex. 2.

[4] R. Doc. 18-2.

[5] General Insulation has provided the Court with a copy of the notice given by the EEOC to General Insulation as a result of DeLeon's charge.  *See* R. Doc. 13, Ex. 3.  This notice was issued by the EEOC on September 28, 2012.  *Id.*  By law, the EEOC is required to provide notice of a charge of discrimination to the party against whom the charge is made no later than ten days after the charge is filed.  *See* 42 U.S.C. § 2000e-5(e)(1).  Thus, the earliest DeLeon could have filed his charge is September 18, 2012.  *See id.*  DeLeon has not provided the Court with a copy of his EEOC charge, but he states in the body of his memorandum in opposition to General Insulation's motion for summary judgment that he filed his charge with the EEOC on September 18, 2012.  *See* R. Doc. 18 at p. 3.  General Insulation does not

Employment Commission ("EEOC"), accusing General Insulation of discriminating against him on the basis of his national origin, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").[6] On October 15, 2012, the EEOC dismissed DeLeon's charge of discrimination because it was not timely filed.[7] In this October 15, 2012 letter, the EEOC notified DeLeon that he had ninety days to file suit in state or federal court.[8]

On January 3, 2013, DeLeon filed suit against General Insulation in this Court.[9] As he did in his EEOC charge, DeLeon alleges illegal employment discrimination, in violation of Title VII, on the part of General Insulation.[10] General Insulation now moves for summary judgment, seeking a judgment as a matter of law that because DeLeon's EEOC charge was dismissed as untimely, DeLeon's federal lawsuit must also be dismissed for failure to exhaust administrative remedies.[11] DeLeon opposes General Insulation's motion for summary judgment.[12] General Insulation filed a reply in further support of its motion.[13]

---

contest DeLeon's statement that he filed his charge this date, and the Court, in keeping with its obligation to draw all reasonable inferences in DeLeon's favor at this stage, will not question the parties' agreement on September 18, 2012 as the filing date.

[6] DeLeon alleges he was terminated because he is from the Dominican Republic.

[7] R. Doc. 13, Ex. 4. DeLeon received the October 15, 2012 "Dismissal and Notice of Rights" letter on October 19, 2012. *Id.*

[8] *Id.*

[9] R. Doc. 1.

[10] *Id.*

[11] R. Doc. 13.

[12] R. Doc. 18.

[13] R. Doc. 25.

# ANALYSIS

## I.   Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 ; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-23. Once the burden has shifted, the non-moving party must direct the Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Id.* at 324. The non-moving party cannot simply rely on allegations or blanket denials of the moving party's pleadings as a means of establishing a genuine issue of material fact, but instead must identify specific facts that establish a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 28 2 (5th Cir. 2001). Likewise, an affidavit cannot be used to preclude summary judgment unless its contains competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration

used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"). "[A] self-serving affidavit, without more evidence, will not defeat summary judgment." *Sanchez v. Dallas/Fort Worth Int'l Airport Bd.*, 438 F. App'x 343, 346-47 (5th Cir. 2011) (citing *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 & n.49 (5th Cir. 2005)); *see also United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001); *BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996). If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, however, the moving party may satisfy its burden by simply pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim. *See Celotex*, 477 U.S. at 325.

"An issue is material if its resolution could affect the outcome of the action." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000). All reasonable inferences are drawn in favor of the non-moving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

## II.     The Relevant Statutory Scheme

Federal law generally requires a would-be employment discrimination plaintiff to file a charge of discrimination with the EEOC no later than one hundred eighty days after the "the alleged unlawful employment practice occurred."  42 U.S.C. § 2000e-5(e)(1).  However, in "deferral states" like Louisiana,[14] the filing deadline is extended to 300 days from the date of the last alleged act of discrimination. *See, e.g., Vandenweghe v. Jefferson Parish*, No. 11-2128, 2012 WL 1825300, at *4 (E.D. La. May 18, 2012) (internal citations omitted).  Failure to comply with the 180-day or 300-day filing deadline constitutes a failure by the would-be plaintiff to exhaust his administrative remedies, *see Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002), and "[a]lthough the exhaustion requirement is not a jurisdictional prerequisite, it is a 'precondition to filing suit in district court.'"  *Vandenweghe*, 2012 WL 1825300, at *4 (quoting *Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 863 (5th Cir. 1983)).  "The failure to exhaust administrative remedies results in dismissal."  *Id.* (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996)).

In a state in which the relevant state or local agency and the EEOC have entered into a "worksharing agreement," which means the EEOC and the state agency have an arrangement by which the EEOC immediately forwards claims filed with it to the state agency, both the federal and state agencies consider the claim validly filed on the day the claims are filed with the EEOC. *See Urrutia v. Valero Energy Corp.*, 841 F.2d 123, 125-26

---

[14] "A deferral state is one in which state law prohibits discrimination in employment and a state agency has been established to grant or seek relief for such discriminatory practice. . . . The Louisiana Commission on Human Rights was initially funded and began operating in April 1994, making Louisiana a deferral state since that time." *Vandenweghe*, 2012 WL 1825300, at *4 n. 4 (internal citations omitted).

5

(5th Cir. 1988). General Insulation argues in its reply brief that a plaintiff is only entitled to the benefit of extended 300-day statute of limitations if he initiates proceedings with the local or state agency, but, as explained above, in a state with a worksharing agreement, a discrimination complaint lodged with the EEOC is considered filed with the corresponding state agency on the same day the complaint is filed with the EEOC, thus triggering the 300-day limitations period instead of the 180-day period. *See Conner v. La. Dep't of Health and Hosps.,* 247 F. App'x 480, 481 (5th Cir. 2007) (citing *Vielma v. Eureka Co.*, 218 F.3d 458, 462 (5th Cir. 2000); *Griffin v. City of Dallas*, 26 F.3d 610, 612-13 (5th Cir. 1994)). Louisiana had a worksharing agreement with the EEOC at all times relevant to this case. *See* Worksharing Agreement Between Louisiana Commission on Human Rights and Equal Employment Opportunity Commission for Fiscal Year 2012, Governor's Office, Louisiana Commission on Human Rights, available at http://www.gov.state.la.us/HumanRights/worksharingagreements.html. As a result, a Louisiana employment discrimination plaintiff's filing of a discrimination complaint with the EEOC institutes proceedings with both the EEOC and the Louisiana Commission on Human Rights and is timely so long as it is filed within 300 days of the alleged discriminatory incident. *See Equal Emp't Opportunity Comm'n v. Commercial Office Prods. Co.*, 486 U.S. 107, 110 (1988) (300-day limitations period is triggered when plaintiff "institutes proceedings" with a state or local agency).

   Once a charge is validly filed with the EEOC, the EEOC makes a decision whether to take the case, and, if the EEOC decides not to take the case, as it did in this case, the EEOC informs the plaintiff of his right to sue in a "right to sue letter." *See Taylor*, 296 F.3d at 379. The would-be plaintiff then has ninety days after receiving this right to sue letter to file suit

6

in federal court. *Id.* As with the 180-day or 300-day deadlines described above, a would-be plaintiff's failure to comply with this 90-day filing deadline is considered a failure to exhaust administrative remedies which precludes the would-be plaintiff from filing suit in federal court. *Id.*

## II.     DeLeon's EEOC Charge Was Timely and his Filing of this Lawsuit was Timely

With this statutory scheme in mind, and because the material facts are not in dispute, General Insulation's motion for summary judgment raises one discrete issue of law: if a would-be employment discrimination plaintiff timely files a discrimination charge with the EEOC, but that charge is dismissed by the EEOC as untimely, must the plaintiff's federal claim be dismissed for failure to exhaust his administrative remedies?[15] The answer to this question, at least in this case, is no.

The alleged unlawful employment practice in this case - General Insulation's termination of DeLeon - occurred on November 23, 2012. The parties agree that DeLeon filed his charge of discrimination on September 18, 2012, three hundred days later. As a result, DeLeon's charge was timely filed with the EEOC.[16]  Finally, DeLeon filed his federal

---

[15] For purposes of this motion, the Court assumes DeLeon's charge was filed on September 18, 2012. There is case law supporting the conclusion that DeLeon's intake questionnaire can be considered a charge for timeliness purposes. *See, e.g., Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402-04 (2008) (a document filed with the EEOC constitutes a "charge" for the purposes of the Age Discrimination in Employment Act when "it [can] be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee"); *Beckham v. Nat'l R.R. Passenger Corp.*, 590 F. Supp. 2d 82, 86 (D.D.C. 2008) ("because of the similarities between the statutory scheme of the ADEA and Title VII concerning exhaustion of administrative remedies," the *Holowecki* rule applies in Title VII cases). However, because DeLeon's charge was timely regardless of whether it was considered filed on August 23, 2012 or September 18, 2012, the Court need not determine whether the charge was actually filed on August 23, 2012 and not September 18, 2012.

[16] General Insulation makes much of the fact that the EEOC dismissed DeLeon's claims with that agency as untimely. *See* R. Doc. 13, Ex. 4. While it is true that the EEOC did dismiss DeLeon's claims as untimely, the EEOC's dismissal and right to sue letter does not contain any detail regarding the agency's

lawsuit on January 3, 2013, less than ninety days after DeLeon received the right to sue letter from the EEOC, so his federal lawsuit is timely as well.  Because DeLeon's charge of discrimination with the EEOC was timely, and because DeLeon's federal lawsuit was timely filed, the Court finds General Insulation's argument that DeLeon failed to exhaust his administrative remedies to lack merit.

## CONCLUSION

**IT IS ORDERED** that General Insulation's motion for summary judgment be and hereby is **DENIED.**

New Orleans, Louisiana, this __22nd__ day of **May, 2013.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

decision.  The Court's calculations show that DeLeon's charge was timely, and the Court must make its own calculation as to whether the charge was timely filed.  The Court has found that DeLeon's charge was timely filed under the relevant statutory scheme.