UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FIDEL DeLEON,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-7** |
| **GENERAL INSULATION, INC.,**<br>    **Defendant** | **SECTION "E"** |

ORDER AND REASONS

Before the Court is defendant General Insulation, Inc.'s ("General Insulation") motion for reconsideration[1] of the Court's Order of May 22, 2013[2] in which the Court denied General Insulation's motion for summary judgment.[3] For the reasons set forth below, General Insulation's motion for reconsideration is granted.

In its motion for summary judgment, General Insulation argued that plaintiff Fidel DeLeon's ("DeLeon") employment discrimination claim should be dismissed for failure to exhaust administrative remedies because DeLeon did not timely file his discrimination charge with the EEOC. Because General Insulation did not provide the Court with a copy of that charge as an attachment to its motion for summary judgment, it appeared the parties agreed as to the date that charge was filed, and, finding that date to be within the 300-day window for the filing of such charges provided by statute, the Court denied General Insulation's motion for summary judgment. *DeLeon v. Gen. Insulation, Inc.*, No. 13-7, 2013 WL 2285137, at *3 (E.D. La. May 22, 2013). The Court noted that the EEOC

---

[1] R. Doc. 33.

[2] R. Doc. 31.

[3] R. Doc. 13.

1

dismissed DeLeon's charge as "untimely," but also that the EEOC's dismissal of DeLeon's charge did not contain any detail regarding the agency's calculation of the time period, and the Court's own calculations showed DeLeon's charge to be timely. *See id.* at *3 n. 16. The Court also noted that "[t]here is case law supporting the conclusion that DeLeon's intake questionnaire," which the parties appeared to agree had been filed on August 23, 2012, "can be considered a charge for timeliness purposes." *Id.* at *3. Because General Insulation did not contest DeLeon's statement that his charge was filed on the 300th day after he was fired, the Court did not decide whether DeLeon's intake questionnaire constituted a charge for timeliness purposes or attempt to determine which day the questionnaire was filed. *Id.*

General Insulation now asks the Court to reconsider its denial of General Insulation's motion for summary judgment. General Insulation presents the Court with newly discovered documents from DeLeon's EEOC file, including DeLeon's charge itself, which show the charge was mailed on September 18, 2012 but not received until September 24, 2012.[4] The documents also show that the intake questionnaire, while it was signed on August 23, 2012, was not mailed to the EEOC until September 18, 2012 and was not received by the EEOC until September 24, 2013.[5] General Insulation argues this newly discovered evidence demonstrates that DeLeon's charge was in fact untimely.

A timely filed motion to reconsider an interlocutory order is evaluated under the same standard as a motion to alter or amend a final judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See, e.g. Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3–4 (E.D. La. Apr. 5, 2010) ("The

---

[4] *See* R. Doc. 33, Ex. C at pp. 8, 10-15.

[5] *See id.*

general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."). A Rule 59(e) motion must be filed within twenty-eight days of the entry of judgment to be considered timely.[6] *See* FED. R. CIV. P. 54(b). General Insulation's motion for reconsideration was filed within this twenty-eight day window, so the Court evaluates the motion under the standards applicable to Rule 59(e) motions.

A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations and internal quotations omitted). In deciding motions under Rule 59(e), the Court considers the following:

> (1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
>
> (2) whether the movant presents new evidence;
>
> (3) whether the motion is necessary in order to prevent manifest injustice; and
>
> (4) whether the motion is justified by an intervening change in the controlling law.

---

[6] A motion to reconsider filed outside this twenty-eight day window is evaluated under the standards governing a motion for relief from final judgment under Rule 60(b). *Stangel v. United States*, 68 F.3d 857, 859 (5th Cir. 1995) ("[a]lthough motions for reconsideration or rehearing are typically treated as FED. R. CIV. P. 59(e) motions, motions for reconsideration or rehearing served more than [28] days after the judgment are generally decided under Rule 60(b)"); *see also Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012) (depending on the time of filing, a motion to reconsider "is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)").

*Castrillo*, 2010 WL 1424398, at *4. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *SPE FO Holdings, LLC v. Retif Oil & Fuel, LLC*, No. 07–3779, 2008 WL 3285907, at *3 (E.D. La. Aug. 6, 2008). "A district court has considerable discretion to grant or deny a motion for new trial under Rule 59." *Kelly v. Bayou Fleet, Inc.*, No. 06–6871, 2007 WL 3275200, at *1 (E.D. La. Nov. 6, 2007).

A discrimination charge is considered "filed" for purposes of 42 U.S.C. § 2000e-5 on the date the EEOC receives the charge, not the date the charge is mailed. *See Taylor v. Gen. Telephone Co. of the Southwest*, 759 F.2d 437, 441-42 (5th Cir. 1985). DeLeon does not dispute the fact the EEOC did not receive his formal charge until September 24, 2012, six days after the close of the 300-day window DeLeon had to file his charge.[7] With the new evidence presented by General Insulation, it is clear that DeLeon's charge was untimely as a matter of law. It is also clear that DeLeon's intake questionnaire was not filed until more than 300 days after his termination. While it is true that an intake questionnaire may be considered a charge of discrimination for timeliness purposes under some circumstances, DeLeon's intake questionnaire was not mailed until September 18, 2012 and was not received by the EEOC until September 24, 2012, six days after the close of the 300-day window.

---

[7] In Louisiana, a would-be employment discrimination plaintiff must file a charge of discrimination with the EEOC no later than 300 days after the "the alleged unlawful employment practice occurred." *See* 42 U.S.C. § 2000e-5(e)(1); *see also Vandenweghe v. Jefferson Parish*, No. 11-2128, 2012 WL 1825300, at *4 (E.D. La. May 18, 2012). In this case, the alleged unlawful employment practice is General Insulation's termination of DeLeon's employment, which the parties agree occurred on October 6, 2011. As a result, DeLeon had until September 18, 2012 to file his charge with the EEOC. Failure to file within the 300-day window constitutes a failure by the would-be plaintiff to exhaust his administrative remedies. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). Failure to exhaust administrative remedies ordinarily results in dismissal. *Vandenweghe*, 2012 WL 1825300, at *4.

4

Having determined that both DeLeon's charge and intake questionnaire were untimely as a matter of law, the Court considers DeLeon's argument that his case should nevertheless be allowed to proceed based on the doctrine of equitable tolling. DeLeon argues because he completed the intake questionnaire within the 300-day window he should not be punished for his attorney's untimely forwarding of that questionnaire to the EEOC.

"[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392 (1982); *see also Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 521 (5th Cir. 2008). "Equitable tolling is disfavored," however, and "should be applied only in exceptional cases, such as where purposeful misrepresentations misled a party or where a party could not have vindicated its rights even by exercising diligence." *Hull v. Emerson Motors/Nidec*, — F. App'x. —, 2013 WL 3216184, at *2 (5th Cir. June 27, 2013). A plaintiff seeking to invoke the doctrine of equitable tolling in a Title VII action has the burden of providing justification for the application of the doctrine. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (citing *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995)). The decision to apply the equitable tolling doctrine and allow a discrimination plaintiff to proceed despite an untimely filing is within the district court's discretion. *Id.* at 711-12.

The Fifth Circuit has identified three specific instances in which equitable tolling may be appropriate in a Title VII action: "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim

5

because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of [his] rights." *Granger*, 636 F.3d at 712; *see also Hood v. Sears Roebuck and Co.*, 168 F.3d 231, 234 (5th Cir. 1999). This list is not exhaustive, but the Fifth Circuit is "reluctant to apply equitable tolling to situations of attorney error or neglect, because parties are bound by the acts of their lawyer." *Granger*, 636 F.3d at 712 (citing *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Wion v. Quarterman,* 567 F.3d 146, 149 (5th Cir. 2009)). The Fifth Circuit is "more forgiving" when a claimant and/or his attorney has "exercised due diligence in pursuing" the claimant's rights, and the Fifth Circuit "consider[s] it relevant whether the plaintiff took some step recognized as important by the statute before the end of the limitations period." *Id.* (internal citations and quotation marks omitted).

DeLeon has not carried his burden of demonstrating the application of the equitable tolling doctrine is appropriate in this case. None of the situations described in *Granger* as possible bases for tolling is present. First, there is no suit pending between DeLeon and General Insulation in another forum. Second, General Insulation took no action to intentionally conceal the facts giving rise to DeLeon's claim from him. Third, this is not a case in which the EEOC misled DeLeon about the nature of his rights. In fact, it appears the EEOC did not learn of DeLeon's claim until September 24, 2012, and the EEOC began processing the claim immediately.

The only fact identified by DeLeon as a potential basis for tolling is the fact that he completed his intake questionnaire before the close of the 30-day window and his attorney failed to forward the completed questionnaire to the EEOC for almost a month. In an attempt to explain his untimely forwarding of DeLeon's charge and questionnaire, DeLeon's

attorney cites the fact that Hurricane Isaac struck the New Orleans area the week before Labor Day in 2012, but the charge and questionnaire were not filed until more than two weeks after Labor Day.  Counsel also explains that when he submitted the paperwork to the EEOC he was operating under the belief that DeLeon was terminated by General Insulation in November 2011 instead of October 2011.

Neither DeLeon nor his attorney "exercised due diligence in pursuing" DeLeon's rights by taking any important steps recognized by statute within the 300-day window. The Court finds that DeLeon's situation does not present the kind of "exceptional" case for which the equitable tolling doctrine is reserved.

## CONCLUSION

Considering the newly discovered evidence presented by General Insulation, the undisputed fact that DeLeon's charge and intake questionnaire were untimely as a matter of law, and the fact that equitable tolling is not appropriate, the Court, in its discretion, grants General Insulation's motion for reconsideration.

Accordingly, **IT IS ORDERED** that General Insulation's motion for reconsideration be and hereby is **GRANTED.**

It is undisputed that DeLeon failed to exhaust his administrative remedies with the EEOC before filing this federal lawsuit.  Accordingly, **IT IS FURTHER ORDERED** that General Insulation's motion for summary judgment be and hereby is **GRANTED.**  General Insulation is entitled to judgment as a matter of law that DeLeon's failure to exhaust his administrative remedies with the EEOC means that this lawsuit must be dismissed.

**IT IS FURTHER ORDERED** that DeLeon's claims against General Insulation be and hereby are **DISMISSED.**  The Court will enter judgment accordingly.

**New Orleans, Louisiana, this __23rd__ day of July, 2013.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**