IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2014

Lyle W. Cayce
Clerk

No. 13-30933
Summary Calendar

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED AUG 14 2014
WILLIAM W. BLEVINS
CLERK

D.C. Docket No. 2:13-CV-7 E

FIDEL D. DELEON,

      Plaintiff - Appellant

v.

GENERAL INSULATION, INCORPORATED,

      Defendant - Appellee

Appeals from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before REAVLEY, JONES, and PRADO, Circuit Judges.

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.

\_\_\_ Fee_____
\_\_\_ Process\_\_\_\_
 X  Dktd_____
\_\_\_ CtRmDep\_\_\_
\_\_\_ Doc. No.\_\_\_\_

ISSUED AS MANDATE: AUG 13 2014

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit
By: [signature]
Deputy  AUG 13 2014

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-30933
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
July 11, 2014
Lyle W. Cayce
Clerk

FIDEL D. DELEON,

        Plaintiff – Appellant

v.

GENERAL INSULATION, INCORPORATED,

        Defendant – Appellee

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-7

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

    Appellant Fidel DeLeon ("DeLeon") appeals the dismissal of his claims of employment discrimination under Title VII, 42 U.S.C. § 2000e, *et seq.*, against Appellee General Insulation, Inc. ("General Insulation"). The district court dismissed DeLeon's claims because he did not timely file his discrimination charge with the Equal Employment Opportunity Commission (EEOC). We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30933

DeLeon argues that the district court erred for two reasons. First, he disputes that his discrimination charge was untimely filed. Under Title VII, two different time limits are applied to determine when a charge must be filed, depending on whether the alleged discrimination occurred in a deferral state. 42 U.S.C. § 2000e-5(e)(1). If the alleged discrimination occurred in a nondeferral state, a plaintiff must file a charge with EEOC within 180 days from the last alleged act of discrimination. *Id.* The time limit is 300 days if the alleged discrimination occurred in a deferral state.[1] *Id.* Here, the district court found that DeLeon had until September 18, 2012, to file his discrimination charge with EEOC because the last act of alleged discrimination—DeLeon's termination—occurred on November 23, 2011, and Louisiana is a deferral state. Additionally, the court ruled that DeLeon's filing was untimely because EEOC received it on September 24, 2012, six days after the deadline. DeLeon does not challenge these findings. Instead, he argues that he complied with the deadline because his attorney mailed DeLeon's discrimination charge to EEOC on September 18, 2012, the final day of the filing period. A discrimination charge is filed for the purposes of Title VII on the date that EEOC *receives* the charge, however, not on the date that the charge is mailed. *Taylor v. Gen. Telephone Co. of the Southwest*, 759 F.2d 437, 442 (5th Cir. 1985). Because DeLeon does not dispute that EEOC received his charge after the filing deadline, his first argument fails.

Second, DeLeon contends that even if the discrimination charge was untimely filed, the deadline should have been equitably tolled. In support of this argument, DeLeon states that he completed the charge on August 23,

---

[1] A deferral state is one in which state law prohibits discrimination in employment and a state agency has been established to grant or seek relief for such discriminatory practice. *Clark v. Resistoflex Co., A Div. of Unidynamics Corp.*, 854 F.2d 762, 765 n.1 (5th Cir. 1988).

2

No. 13-30933

2012, but his attorney did not receive it until after Labor Day of that year due to Hurricane Isaac. "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 1132 (1982). Equitable tolling applies to plaintiff's deadline for filing an EEOC charge only in extraordinary circumstances, such as where the parties have a pending case in the wrong forum, where plaintiff is unaware of the facts as a result of defendant's purposeful concealment, and where EEOC misleads plaintiff about the claim. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). This case does not involve any of the paradigmatic circumstances that justify equitable tolling. The parties did not have a pending suit in another forum, General Insulation did not conceal facts, and EEOC did not mislead DeLeon. The only possible basis for equitable tolling is the fact that DeLeon's attorney received the charge more than two weeks before the deadline, but did not forward it to EEOC until the date that it was due. Attorney neglect, however, does not justify equitable tolling. *Id.*

**AFFIRMED.**

3